**LISTON MONSANTO, Petitioner**

v.

**LEROY A. QUINN, Commissioner of Finance, and GOVERNMENT EMPLOYEES SERVICE COMMISSION, Respondents**

Civil No. 79-351

District Court of the Virgin Islands

Div. of St. Thomas and St. John

June 21, 1982

BRENDA J. HOLLAR, ESQ., St. Thomas, V.I., *for petitioner*

ROBERT L. KING, ESQ., St. Thomas, V.I., *for respondent Government Employees Service Commission*

JESSE M. BETHEL, JR., ESQ., Assistant Attorney General (Department of Law), St. Thomas, V.I., *for respondent Commissioner of Finance*

CHRISTIAN, *Chief Judge*

## MEMORANDUM AND ORDER

This cause is before us at this time on reversal and remand from the U.S. Court of Appeals for the 3rd Circuit. The sole issues on remand are, the amount of back pay, attorneys' fees, and costs to which petitioner Liston Monsanto is entitled.

As is too often the case, the attorneys whose charge, in part, is the protection of the public fisc, have offered the Court little or no guidance or aid in making an appropriate determination. Thus, counsel for respondent Government Employees Service Commission, has submitted nothing with respect to the issues on remand, after having been served with copies of documents submitted on behalf of petitioner, whereas, the attorney representing the Commissioner of Finance and therefore, the Government of the Virgin Islands, who was not served with the documents submitted on behalf of petitioner, has been content to limit his efforts to an unduly caustic challenge of the issue of attorneys' fees. The Court, of course, will have to fill the breach.

The Court fully agrees with counsel for the Government of the Virgin Islands, that petitioner's counsel was indeed sorely remiss in failing to serve copies of her moving papers on the Department of Law, acting in the person of the Assistant Attorney General in charge of this litigation. For reasons too obvious to require mention, the Court considers this failure to be a grave dereliction of duty by counsel for petitioner. The Court will not, however, penalize the petitioner himself by denying him indemnification for attorneys'

fees and costs, but counsel is forewarned that a repeat of this might well lead to penalties directed at counsel rather than at the client.

■ Turning first to the matter of costs, complete reimbursement will be allowed, although items such as cost of transcripts and attorneys' travel are not necessarily taxable as costs. Because they are regarded as being absolutely necessary in this instance, however, they will be allowed.

■ ■ With respect to the claim for attorneys' fees, we begin by pointing out a deficiency of the affidavit submitted in support of this claim. It is not that the affidavit fails to state ". . . the actual amount charged and paid . . ." but rather, because it gives no inkling of the fee arrangement between counsel and client. This shortcoming apart, the Court considers the hourly rate of $60.00 to be well within reason. We see no reason to question counsel's total figure in the "time spent" category. We bear in mind, however, that indemnification need not be one hundred percent, and in the instant case, we perceive no reason why indemnification should be total. Giving consideration to all relevant factors we will order indemnification in the sum of $2,650.00 which approximates seventy-five percent of the amount claimed.

■ Finally, we turn to the matter of lost wages to which petitioner is entitled. The record makes clear that the period of suspension was from November 17, 1979, to February 18, 1980. Petitioner erroneously sees this as a suspension covering 90 working days. Not so. The suspension was for 90 calendar days. Consequently, petitioner's calculation of the back pay due, is wrong. On the basis of the Court's computation we find the amount due as back pay to be $4,265.94.

■ Petitioner correctly claims that he is entitled to receive the amount he lost by reason of the change in the date on which he would become entitled to an annual step increment, assuming the proper rating. His incremental date was changed by reason of the 90 days' suspension from June 17, to October 16th. Because our mathematical computation differs from that of petitioner, our finding is that for the year 1980, petitioner suffered a loss of $1,106.66 and a loss of $194.66 in 1981, a total of $1,301.32. We make no allowance for a 1982 loss as we are of the view that such loss has not yet been sustained. We will direct, however, that in order to avoid further losses than are here allowed, the Government, now that the suspension has been disallowed, return to petitioner's former date of

increment, June 17, of each year, or devise some other means of bringing petitioner's salary to the level it would have been had not the suspension with which we are here concerned been imposed.

## ORDER

The premises considered and the Court being fully advised,

IT IS ORDERED that petitioner Liston Monsanto, be reimbursed for costs in the sum of $1,051.91 and that he be indemnified for attorneys' fees in the amount of $2,650.00;

FURTHER ORDERED that petitioner be paid as and for loss wages (back pay) $4,265.94;

FURTHER ORDERED that petitioner recover the sum of $1,301.32, representing loss incremental pay raises; and,

IT IS FURTHER ORDERED that appropriate steps be taken, consistent with the foregoing memorandum, to eliminate any further loss of incremental pay raises by petitioner for years subsequent to 1981.